UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUOS TECHNOLOGIES, INC. etc.,

    Plaintiff,

v.                                    No.3:08-cv-969-J-12TEM

CYBRINTH, LLC, etc., et al.,

    Defendants.

## ORDER

This cause is before the Court on Defendant [Tom] Malatesta's Motion to Dismiss for Lack of Personal Jurisdiction (Motion to Dismiss) (Doc. 15), filed October 21, 2008. On November 14, 2008, "Plaintiff Duos Technologies, Inc.'s Memorandum of Law in Opposition ..." (Doc. 23) was filed. On December 16, 2008, the Court conducted a hearing on the motion.

In support of his Motion to Dismiss (Doc. 15), Defendant Malatesta submits his Declaration (Doc. 15-2), in which he lists numerous contacts that he lacks in the state of Florida, denies making any intentional or negligent misrepresentations regarding Cybrinth, LLC, during discussions he had while in the state of Florida or otherwise, and denies that certain alleged false statements were in fact false. Defendant Malatesta also argues that the corporate shield doctrine shields him from suit in his personal capacity because all actions he performed were on behalf of Cybrinth, LLC, and not for his own benefit.

On October 8, 2008, this case was removed from state court. See Doc. 1. Plaintiff's Complaint (Doc. 2), alleges that Defendant Malatesta, along with the other

named Defendants, made false and misleading representations of material fact regarding the financial condition and business prospects of Defendant Cybrinth, LLC, which induced the Plaintiff to acquire its assets and business interests, including false representations (at least some of which were included in the final Asset Purchase Agreement) regarding 1) revenues and other financial matters that would be achieved in the period following the proposed asset purchase; 2) the status of certain contracts with the Libyan People's Republic, 3) the nature of a contractual arrangement with MasterCard, and 4) proposals and negotiations with other prospective clients and business opportunities. See Doc. 2 at ¶¶ 9-14. The first three counts of the Complaint (Doc. 2) allege causes of action for fraud in the inducement, rescission, and negligent misrepresentation against Defendant Malatesta and the other Defendants.

On the basis of these allegations, the Plaintiff contends that Defendant Malatesta, who resides outside the state of Florida, is subject to the jurisdiction of this Court pursuant to Florida's long-arm statute, Fla. Stat. §§48.193(1)(a), (b), (f) and (2), because 1) he engaged in business in this state; 2) committed a tortuous act in this state; and/or 3) caused injury within this state while engaged in solicitation or service activities within this state. See Doc. 2 at ¶ 3. The Plaintiff also asserts that the federal minimum contacts requirement for the exercise of personal jurisdiction over Defendant Malatesta has been met because his activity within the state of Florida as set forth in the Complaint (Doc. 2) was substantial and not isolated. See Id.

In support of its position regarding the existence of personal jurisdiction, the Plaintiff has submitted the Declaration of Gianni Arcani (Doc. 23-2), which sets forth numerous communications and contacts with Defendant Malatesta regarding the Plaintiff's acquisition

of Cybrinth, LLC, some made while Defendant Malatesta was physically present within the state of Florida, as well as Defendant Malatesta's alleged personal interest in the realization of the acquisition.

The Court has carefully reviewed the submissions and argument of counsel and the applicable law, and finds that the allegations set forth in the Plaintiff's Complaint (Doc. 2), as supported by the Declaration of Gianni Arcani (Doc. 23-2), are sufficient to establish a basis for the Court's exercise of personal jurisdiction over Defendant Malatesta under both state and federal law. See, e.g., Meier ex rel. Meier v. Sun Intern. Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002)("Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.")(citation omitted). Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

1. That Defendant [Tom] Malatesta's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 15) is denied; and

2. That the parties shall have until February 6, 2009, to confer and to submit to the Court any proposed amendments to the parties Case Management Report (Doc. 31).

**DONE AND ORDERED** this 28TH day of January 2009.

*Howell W. Melton*
Senior United States District Judge

Copies to:
Counsel of Record